**In the United States District Court
for the District of Kansas**

―――――――

Case No. 21-cr-40041-TC

―――――――

UNITED STATES OF AMERICA,

*Plaintiff*

v.

CURTIS DARNELL MORGAN,

*Defendant*

―――――――

**MEMORANDUM AND ORDER**

Curtis Morgan moves for a sentence reduction. Doc. 39. The Government opposes his request. Doc. 42. For the following reasons, Morgan's motion is denied.

**I**

A term of imprisonment generally may not be modified once it has been imposed, subject to a few narrow exceptions. *Freeman v. United States*, 564 U.S. 522, 526 (2011); *see also United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5195, 5239, Section 3582 permits a defendant to move for compassionate release only after exhausting administrative remedies. 18 U.S.C. § 3582(c)(1)(A).

If exhaustion is shown, Section 3582(c)(1)(A) permits a court to "reduce the term of imprisonment … after considering the factors set forth in section 3553(a)" to the extent applicable if either of two situations exist. 18 U.S.C. § 3582(c)(1)(A). First, a court may reduce the term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Second, a court may reduce the term of imprisonment if "the defendant is at least 70 years of age, has served at least 30 years in prison," for the offense the

defendant is currently imprisoned for, "and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(ii). In either situation, a court must make a finding that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Consequently, where relief is sought under Section 3582(c)(1)(A)(i), the court applies a three-step analysis. *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). First, extraordinary and compelling circumstances must warrant the reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be consistent with applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(1)(A)(i). And third, the sentencing factors in 18 U.S.C. § 3553(a) must warrant the reduction. 18 U.S.C. § 3582(c)(1)(A). "Relief [may] be granted only if all three prerequisites are satisfied, but [the language of Section 3582(c)(1)(A)] does not mandate a particular ordering of the three steps." *Hald*, 8 F.4th at 942. In any case, compassionate-release relief may not be denied solely on the ground that release is not warranted under Section 3553(a) factors without considering whether the facts alleged establish extraordinary and compelling reasons for release. *Hald*, 8 F.4th at 947.

**B**

In 2021, a grand jury charged Morgan with one count of possessing methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Doc. 1 at 1.[1] Morgan pleaded guilty. Doc. 31 ¶¶ 5–25. The parties jointly recommended a sentence of 108 months. Doc. 32 at 2. Morgan had a total offense level of 29 and a criminal history category of IV, which yielded a guideline range of 121 to 151 months. Doc. 33 ¶ 72. Morgan was sentenced to 108 months of imprisonment. Doc. 37 at 2.

Morgan now moves for a sentence reduction. Doc. 39 at 1. The Government does not contest that Morgan exhausted his

---

[1] All citations are to the document and page number assigned in the CM/ECF system.

administrative remedies. Doc. 42 at 4. The analysis of Morgan's motion therefore proceeds to the merits.[2]

## II

Morgan has not shown extraordinary and compelling reasons for a reduction in sentence. And neither Sentencing Commission policy nor the Section 3553(a) factors favor a reduction. Accordingly, his motion is denied.

### A

None of the reasons Morgan offers to reduce his sentence rise to the level of extraordinary and compelling. "[W]hat constitutes extraordinary and compelling reasons" is left to a district judge's discretion subject to the statutory limitation that rehabilitation alone is not enough. *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (citing 28 U.S.C. § 994(t)). But "extraordinary and compelling" suggests that the proffered reasons for reduction must be unusually meritorious and "unique." *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021). In other words, a petitioner must show circumstances which entitle them to relief that do not apply to most other prisoners. That bar is high. For example, courts have found that medical conditions including benign cysts, muscle aches, headaches, shortness of breath, PTSD, asthma, prediabetes, hypertension, and anxiety together or alone do not constitute extraordinary and compelling reasons for sentence reduction. *United States v. Hemmelgarn*, No. 1:18-CR-00069-3, 2020 WL 5645316, at *1 (D. Utah Sept. 22, 2020), *aff'd*, 15 F.4th 1027 (10th Cir. 2021); *see also United States v. Ford*, 536 F. Supp. 3d 848, 853 (D. Kan. 2021). Likewise, being unable to socially distance is not an extraordinary and compelling reason in the context of the COVID-19 pandemic. *United States v. Olivas*, No. 1:16-CR-03300, 2022 WL 204577, at *2 (D.N.M. Jan. 24, 2022).

Morgan alleges two general types of extraordinary and compelling reasons that warrant relief. First, Morgan argues his medical issues merit relief. Doc. 39 at 9. Second, Morgan argues that his difficult conditions of confinement at FCI Allenwood also merit relief. *Id.* at 9–10.

---

[2] Because Morgan appears *pro se,* the "rule of liberal construction" applies, which means Morgan's pleading must be construed generously. *United States v. Hernandez*, 627 F.3d 1331, 1335 (10th Cir. 2010).

3

Neither of Morgan's reasons satisfies the extraordinary and compelling standard.

**1.** Morgan has submitted a handwritten note alleging to suffer from medical conditions of Type 1 diabetes, obesity, foot problems requiring use of a wheelchair, and vision loss—nearly entirely in one eye and slightly in the other. Doc. 39 at 9, 13. But these alleged conditions do not rise to the level of extraordinary and compelling.

In support of his claim, Morgan cites a nonexistent subsection of the U.S. Sentencing Guidelines. Doc. 39 at 9 (showing a citation to "§ 1B1.13(b)(1)(B)(i)(ii)(C)"). Construing his motion generously, Morgan likely intends to invoke one of the sections of 1B1.13(b)(1) which outline medical circumstances that are extraordinary and compelling to justify compassionate release under 18 U.S.C. § 3582(c)(1)(A). There, the Guidelines provide three sets of medical conditions justifying compassionate release. Morgan satisfies none.

Applying the Guidelines, first, Morgan has not asserted any terminal conditions or an end-of-life prognosis. This precludes relief under Section 1B1.13(b)(1)(A) of the Guidelines. *United States v. Barragan*, No. CR 10-777-WJ, 2025 WL 1827297, at *3 (D.N.M. July 2, 2025) (finding that conditions without a terminal prognosis do not satisfy § 1B1.13(b)(1)(A)).

Second, the Guidelines allow for compassionate release provided that the Defendant's condition "substantially diminishes the ability of the defendant to provide self-care" and that the condition be one "from which [the Defendant] is not expected to recover." § 1B1.13(b)(1)(B). The Guidelines do not define "the ability of the defendant to provide self-care," but courts have generally interpreted the phrase to refer to one's ability to independently ambulate, take care of personal hygiene, and perform other tasks such as dressing, eating, and taking medication. *See, e.g., United States v. Gray*, Crim. A. No. 21-637 (JRK), 2024 WL 3345482, at *3 (N.D. Ohio July 8, 2024) (collecting cases).

Morgan has not alleged a permanent inability to perform any of these self-care tasks. Indeed, Morgan's statement suggests that he continues to receive medication and treatment that would mitigate or reverse adverse consequences of his alleged conditions. *See, e.g.,* Doc. 39 at 13 (stating that Morgan receives multiple insulin doses per day, has received eye surgery, and has an assistant to help with movement). And

while Morgan alleges that he relies on a wheelchair for movement, this alone does not substantially diminish Morgan's ability for self-care. *See, e.g., United States v. Smith*, 646 F. Supp. 3d 915 (E.D. Mich. 2022) (finding no extraordinary and compelling conditions despite Defendant's use of a wheelchair after having suffered a heart failure and a series of respiratory issues); *United States v. Bailey*, No. CR 19-391 (JDB), 2025 WL 1114185, at *5 (D.D.C. Apr. 15, 2025) (finding that wheelchair use does not mean an incarcerated individual cannot ambulate); *United States v. Coffer*, Crim. A. No. 19-282 (BYP), 2024 WL 4664692, at *4 (N.D. Ohio Nov. 4, 2024) (finding a wheelchair can increase "ability to self-care" by making it easier to "attend meals, participate in recreation time, and attend to . . . other personal needs"). Thus, Morgan falls short of this standard.

Third, the Guidelines allow for compassionate release provided that "[the Defendant] is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." § 1B1.13(b)(1)(C). Morgan does not allege that the Bureau of Prisons has failed to provide required long-term or specialized medical care or that, without such care, he is at risk of death or a serious decline in health. *See* Doc. 39 at 13 (stating that Morgan receives multiple insulin doses per day and has received eye surgery). And generally, courts have found that configurations of conditions akin to those alleged by Morgan do not give rise to extraordinary and compelling circumstances warranting compassionate release when the defendants have received treatment. *See, e.g., United States v. McGowan*, No. 15-20007-JAR, 2024 WL 4930527, at *3 (D. Kan. Dec. 2, 2024)(failing to find extraordinary and compelling circumstances where Defendant suffered from, *inter alia*, diabetes and obesity but BOP took measures to address); *United States v. Howard*, No. CR-13-165-D, 2024 WL 4537158, at *3 (W.D. Okla. Oct. 21, 2024)(failing to find extraordinary and compelling circumstances where Defendant suffered from, *inter alia*, diabetes, an intellectual disability, and vision issues); *United States v. Cancino*, 669 F. Supp. 3d 715 (N.D. Ill. 2023) (same, where Defendant suffered from, *inter alia*, diabetes, chronic kidney disease, and vision impairment); *Smith*, 646 F. Supp. 3d 915 (same, where Defendant suffered from, *inter alia*, heart failure, respiratory failure, and obesity, while relying on wheelchair and assisted breathing).

Even if Morgan's medical conditions are accepted as true, they do not support a finding of extraordinary and compelling circumstances.

5

The Guidelines set a high bar for such relief, and the conditions described fall short of that threshold. *See generally United States v. Hunter*, 12 F.4th 555, 561-62 (6th Cir. 2021) (noting that while Congress has not defined what constitutes an "extraordinary and compelling" reason, the ordinary meaning of the words "extraordinary and compelling" are understood as "most unusual", "far from common", and "having little or no precedent"; and, "forcing, impelling, driving", respectively).

**2.** Morgan also argues that his conditions of confinement during the COVID-19 pandemic and an ongoing period of understaffing constitute extraordinary and compelling circumstances. Doc. 39 at 9–10. Neither condition justifies granting Morgan relief.

First, Morgan cites the COVID-19 pandemic as a reason for release. *Id.* But the record contains no confinement conditions unique to Morgan nor do these circumstances rise to the level of "extraordinary or compelling." *United States v. Brown*, No. 16-119-R, 2025 WL 2325183, at *2 (W.D. Okla. Aug. 12, 2025)(stating that the "pandemic cannot fairly be described as extraordinary given that these same conditions were experienced by all inmates"); *United States v. McGowan*, No. 15-20007, 2024 WL 4930527, at *4 (D. Kan. Dec. 2, 2024) (noting that "[l]ike everyone else who was incarcerated during the COVID pandemic, Defendant suffered more restrictive conditions. Again, this is a generalized complaint, not unique to Defendant and not an extraordinary and compelling circumstance.")

Second, Morgan argues that understaffing should fall under the Guidelines' "catch-all" provision for compassionate release. Doc. 39 at 10. Courts routinely reject that notion: "BOP understaffing, do[es] not constitute extraordinary and compelling reasons for release under the catchall provision of the policy statement." *United States v. Read-Forbes*, No. 12-20099, 2025 WL 220036, at *6 (D. Kan. Jan. 16, 2025), *aff'd*, No. 25-3021, 2025 WL 1553060 (10th Cir. June 2, 2025); *See also United States v. Wages*, No. 02-0015, 2025 WL 2404850, at *3 (M.D.N.C. Aug. 19, 2025) (rejecting argument that poor prison conditions are a basis for compassionate release or that Section 1B1.13(b)(5)'s "catchall provision" covers such claims); *United States v. Collins*, No. 20-0073, 2025 WL 1642682, at *2 (S.D. Ohio June 10, 2025) )(rejecting claim that understaffing is a basis for compassionate release).

In short, the conditions alleged by Morgan do not justify the relief he seeks. The standard of "extraordinary and compelling" suggests,

again, that the proffered reasons for reduction must be unusually meritorious and "unique" to the Defendant. *McGee*, 992 F.3d at 1048. Here, they are not.

### B

In addition, the factors from 18 U.S.C. § 3553(a) weigh against reducing Morgan's sentence. For one, none of Morgan's arguments require relief. Morgan maintains that his circumstances justify a reduced sentence due to pandemic-related hardship, understaffing at FCI Allenwood, BOP's alleged miscalculation of sentence credits, and his rehabilitation. Doc. 39 at 13–20. But COVID-19 and staffing challenges are not unique to Morgan and do not make his sentence excessive. *See, supra*, Section II(A)(2). And sentence credit issues must be raised through a 28 U.S.C § 2241 petition in the district of confinement. *See United States v. Perea*, No. 08-20160-08, 2022 WL 782634, at *2 (D. Kan. Mar. 15, 2022)(noting that "[a] challenge to the BOP calculation of good-time credit goes to the execution of a sentence and should be brought, if at all, against [D]efendant's custodian under 28 U.S.C. § 2241"); *United States v. Edmond*, 730 F. Supp. 3d 146, 163 (M.D. Pa. 2024)(holding that "[e]ven if the BOP has miscalculated [Defendant's] Good Time Credits . . . any claim brought by a prisoner that 'challenges the BOP's calculation of sentence credits . . . is appropriately addressed in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241."). Rehabilitation, while positive, cannot justify release on its own. *See United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021) (noting that the district court "correctly determined that rehabilitation alone could not constitute an extraordinary and compelling reason warranting release"); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Moreover, a few considerations weigh heavily against sentence reduction. Morgan possessed over 440 grams of methamphetamine. Doc. 33 ¶ 9. A cooperating defendant reported buying a firearm from him. *Id.* ¶ 11. Likewise, Morgan committed this offense after serving 92 months for a prior federal drug conviction involving distribution near a school. *Id.* ¶ 43. That earlier sentence failed to deter further criminal conduct. Morgan has served roughly three years and nine months of a 108-month term imposed under a Rule 11(c)(1)(C) agreement that already departed below the Guidelines range. Further reduction would weaken the sentence's deterrent effect and diminish the

seriousness of the offense. Weighing the § 3553(a) factors, accordingly, offers no basis to revisit the original judgment.

### III

For the foregoing reasons, Morgan's Motion for a Reduction of Sentence, Doc. 39, is DENIED.

It is so ordered.

Date: September 19, 2025          s/ Toby Crouse
                                  Toby Crouse
                                  United States District Judge